UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISEO DISLA, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff(s),<br><br>　　　　　-against-<br><br>INVESTINET, LLC, INC.; LVNV FUNDING, LLC,<br><br>　　　　　Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

    ELISEO DISLA
    5 Salter Place
    Bloomfield, New Jersey 07003

    INVESTINET, LLC, INC.
    910 Pinckney Street
    Greenville, South Carolina 29609

    LVNV FUNDING, LLC
    700 Executive Center Drive, #300,
    Greenville, South Carolina 29615

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, INVESTINET, LLC, INC. ("INVESTINET"); LVNV FUNDING, LLC ("LVNV") and JOHN DOES 1-25, their employees, agents and

successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. INVESTINET maintains a location at 910 Pinckney Street, Greenville, South Carolina 29609

8. LVNV maintains a location at 700 Executive Center Drive, #300, Greenville, South Carolina 29615.

9. INVESTINET uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. LVNV uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11. INVESTINET is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. LVNV is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from INVESTINET concerning a debt owned by LVNV (See Exhibit A), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to August 14, 2020, Plaintiff allegedly incurred a financial obligation to CREDIT ONE BANK, N.A. ("CREDIT ONE BANK").

22. The CREDIT ONE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Plaintiff incurred the CREDIT ONE BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24. The CREDIT ONE BANK obligation did not arise out of a transaction that was for non-personal use.

25. The CREDIT ONE BANK obligation did not arise out of transactions that were for business use.

26. The CREDIT ONE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. CREDIT ONE BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. Upon information and belief, at some time prior to August 14, 2020, the CREDIT ONE BANK obligation was allegedly purchased by and/or sold to LVNV.

29. At the time the CREDIT ONE BANK obligation was allegedly purchased by and/or sold to LVNV, the obligation was in default.

30. The principal purpose of LVNV is the collection of debts which are in default at the time it purchases the debts.

31. On or about March 3, 2011, LVNV obtained a judgment against Plaintiff for the CREDIT ONE BANK obligation in the Superior Court of New Jersey, Essex County, Special Civil Part, Docket No.: DC-37841-10.

32. At the time that LVNV obtained the judgment against Plaintiff, it was represented by the law firm of Faloni & Associates, LLC.

33. The judgment obtained against Plaintiff for the CREDIT ONE BANK obligation was calculated as follows:

| | |
|---|---|
| Judgment Awarded: | $1,02623 |
| Court Costs: | $39.00 |
| Statutory Attorney Fees: | $36.52 |
| Judgment Total: | $1,151.75 |

34. The Attorney Fee assessed on the judgment in the amount of $36.52 was done so in accordance with N.J.S.A. 22A:2-42: "There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof." ("STATUTORY ATTORNEY FEE").

35. Sometime after August 14, 2020, LVNV referred the CREDIT ONE BANK obligation to INVESTINET for the purpose of collection.

36. In an attempt to collect on the judgment, Defendants caused to be delivered to Plaintiff a letter dated August 14, 2020, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

37. The August 14, 2020 letter was sent to Plaintiff in connection with the collection of the CREDIT ONE BANK obligation.

38. The August 14, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

39. The August 14, 2020 letter was the initial written communication that Plaintiff received from INVESTINET.

40. No other written communication was received by Plaintiff from INVESTINET within five days of the August 14, 2020 letter.

41. Upon receipt, Plaintiff read the August 14, 2020 letter.

42. The August 14, 2020 letter provides the following information regarding the balance claimed due on the CREDIT ONE BANK obligation:

Account Balance: $1,203.94

43. The amount sought by Defendants as of August 14, 2020, included the STATUTORY ATTORNEY FEE assessed on the judgment in the amount of $36.52.

44. The STATUTORY ATTORNEY FEE assessed pursuant to N.J.S.A. 22A:2-42 "is tied to the successful prosecution of suit in the county district court, and is **payable directly to the attorney**. As a taxed cost of litigation, it is in the nature of a statutorily authorized penalty against the judgment debtor, saddling him with **the burden of compensating the creditor's attorney** for the latter's litigational duties." See Scioli v. Goldman & Warshaw, PC, 651 F.Supp. 2d 273 (D.N.J. 2009) (emphasis added).

45. Within one year of the complaint, Defendants made demands for payment from Plaintiff which included an amount for the STATUTORY ATTORNEY FEE.

46. Within one year of the complaint, Defendants asserted that the STATUTORY ATTORNEY FEE was owed to LVNV directly.

47. The STATUTORY ATTORNEY FEE is not owed to LVNV nor is it the property of LVNV. See Scioli v. Goldman & Warshaw, PC, 651 F.Supp. 2d 273 (D.N.J. 2009).

48. The STATUTORY ATTORNEY FEE is owed to and is the property of the creditor's attorney and not the creditor.

49. The August 14, 2020 letter does not advise that law firm of Faloni & Associates, LLC is a creditor to whom a debt is owed in the amount of 36.52.

50. The August 14, 2020 letter does not advise that the CREDIT ONE BANK obligation was subject to increase by court cost and/or fees.

51. The August 14, 2020 letter did not itemize or breakdown the amount of the debt by principal, interest, attorney fees, or other costs.

52. Defendants should be disgorged of amounts collected that included Statutory Attorney Fees awarded pursuant to N.J.S.A. 22A:2-42.

53. Defendants' conduct of demanding and collecting Statutory Attorney Fees violates public policy.

54. INVESTINET knew or should have known that its actions violated the FDCPA.

55. LVNV knew or should have known that its actions violated the FDCPA.

56. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

57. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

  (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

  (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

  (c) Using unfair or unconscionable means to collect or attempt to collect any debt;

  (d) Making a false representation of the character or amount of the debt; and

  (e) Failing to effectively convey the amount of the debt.

58. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

59. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

60. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

61. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

62. Defendants' letter would lead the least sophisticated consumer to believe that the amount due would not increase due to court costs or fees.

63. Defendants' attempt to collect the alleged debt as described herein violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); § 1692g(a)(1) and § 1692g(a)(2).

64. Defendants' attempt to collect the alleged debt without first effectively conveying the amount of the debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10); and § 1692g(a)(1).

65. Defendants' improper demand for a STATUTORY ATTORNEY FEE violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); § 1692g(a)(1) and § 1692g(a)(2).

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

67. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

68. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CREDIT ONE BANK obligation included an amount for interest, fees, attorney fees, costs and/or charges.

69. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that LVNV was owed a STATUTORY ATTORNEY FEE.

70. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

71. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

73. Defendants violated 15 U.S.C. § 1692e(2)(A) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff.

74. Defendants violated 15 U.S.C. § 1692e(2)(A) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due LVNV, but rather was due and payable directly to the attorney obtaining the judgment.

75. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

76. Defendants violated 15 U.S.C. § 1692e(5) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due LVNV, but rather was due and payable directly to the attorney obtaining the judgment.

77. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. Defendants violated 15 U.S.C. § 1692e(10) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due LVNV, but rather was due and payable directly to the attorney obtaining the judgment.

79. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

80. As described herein, Defendants violated 15 U.S.C. § 1692g(a)(1).

81. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to itemize the components that comprised the amount of the debt.

82. Defendants violated 15 U.S.C. § 1692g(a)(1) by presenting the amount of the debt as a single lump sum.

83. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

84. 15 U.S.C. § 1692g(a)(2) of the FDCPA requires that the debt collector provide Plaintiff and others similarly situated with the name of the creditor to whom the debt is owed.

85. As described herein, Defendants violated 15 U.S.C. § 1692g(a)(2).

86. Defendants violated 15 U.S.C. § 1692g(a)(2) by advising Plaintiff that the Statutory Attorney Fee was owed to LVNV.

87. Defendants violated 15 U.S.C. § 1692g(a)(2) by failing to advise Plaintiff that the Statutory Attorney Fee was owed to the law firm of Faloni & Associates, LLC.

88. Defendant INVESTINET is vicariously liable for any violations of the FDCPA that LVNV committed as described herein.

89. Defendant LVNV is vicariously liable for any violations of the FDCPA that INVESTINET committed as described herein. See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994); Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000).

90. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

91. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

92. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

93. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

94. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

95. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 10, 2021                                        Respectfully submitted,

By: *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: August 10, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
Attorneys for Plaintiff

# EXHIBIT

# A

InvestiNet, LLC
PO Box 966
Greenville, SC 29602
833-621-9980

https://mypayrazr.com/m/WOKZT1

ELISEO DISLAGARCIA

| | |
|---|---|
| Date: | 08/14/2020 |
| InvestiNet Reference No.: | |
| Original Creditor: | Credit One Bank, N.A. |
| Current Creditor: | LVNV Funding LLC |
| Original Account Number: | xxxxxxxxxxxx1569 |
| Account Balance: | $1203.94 |

Dear ELISEO DISLAGARCIA,

This account has been referred to our office for collection. If you wish to resolve your obligation, call us toll free at 833-621-9980. All payments for this account must come to our office to ensure proper credit to your account.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. As of the date this letter, you owe $1203.94. Because of interest, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, contact the undersigned. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Sincerely,
InvestiNet, LLC
833-621-9980

Hours of Operation: (All times listed are Eastern Standard Time)
Monday – Thursday: 8:00 AM – 5:00 PM
Friday: 8:00 AM - 4:00 PM